UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **IN RE** | ) | Case no: 17-67627-jrs |
| **Charles Edward Burks, Jr.** | ) | |
| | ) | Chapter 13 |
| | ) | |
| **Debtor.** | ) | |

**SIXTH AMENDED CHAPTER 13 PLAN**

**Extension ( )**                                                                                 **Composition (X )**

      You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**. Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of $ 2,000.00 per Month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of  60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

___ IF CHECKED, Plan payments will increase by $ _____ on _____, 20___ upon completion or termination of _____.

    3. **Claims Generally**. **The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief**. An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

    4. **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    (A). **Trustee's Fees**. The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

    (B). **Debtor's Attorney's Fees**. Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $**4,250.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $**850.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $**3,400.00** , as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $**500.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $**500.00** per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $**2,000.00** (amount not to exceed $2,000); (3) If the case is <u>dismissed</u> prior to confirmation of the plan, fees for Debtor's attorney of $**2,000.00** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is <u>converted</u> after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is <u>dismissed</u> after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

    [*All non-based fees are to be paid through the Chapter 13 Plan after confirmation upon the filing of an application of Attorney Compensation*]

5. **Priority Claims**.

    (A). **Domestic Support Obligations**.

    _X__ None. If none, skip to Plan paragraph 5(B).

        (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

        (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| **NONE** | |
|---|---|

        (iii). Anticipated Domestic Support Obligation Arrearage Claims

            (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

            _X_ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage claim | (c) Projected monthly arrearage payment |
|---|---|---|
| **NONE** | | |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

     X  None; or

Claimant and proposed treatment: _____
_____
_____

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| Internal Revenue Service | $3,182.31 |

6. Secured Claims.

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). Pre-confirmation adequate protection payments. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

\_\_\_ directly to the creditor; or

 X  to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection payment amount |
|---|---|---|
| Consumer Portfolio Services | 2008 Land Rover Sport LR2 103K miles | $250.00 |

(ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs
(a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   _X_ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Service 1st Credit Union | Secured Loan | | $3,922.00 | 0.00% | $168.00 to pay out claim |
| Consumer Portfolio Services | 2008 Land Rover Sport LR2 103K miles | 12/2013 | $8,136.00 | 20.45% | $250.00 increasing to $350.00 beginning September 2018 |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   ___ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Internal Revenue Service | Taxes Owed | 2004 | $12,242.00 | 4% | $400.00 to increase to $450.00 beginning September 2018 |

(c). Other provisions.

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor description | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly payment |
|---|---|---|---|
| DiTech | 5982 Foxcroft Court Morrow, GA 30260 Clayton County | $15,898.00 | $400.00 to increase to $550.00 Beginning September 2018 |
| Foxcroft HOA | 5982 Foxcroft Court Morrow, GA 30260 Clayton County | $7,865.00 | $158.00; increasing to $258.00 beginning September 2018 |
| | | | |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| NONE | |
| | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ 93,294.00 After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $68,684.00 or  1 % whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

    Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

  X   None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| NPRTO Georgia, LLC | Furniture |  | $100.00 beginning September 2018 |
|  |  |  |  |

9. **Property of the Estate**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. Other Provisions:

(A). Special classes of unsecured claims.

(B). Other direct payments to creditor.

(C). Other allowed secured claims:
Student loan, if any, shall be listed on the Debtor's Schedule "F" and shall be treated as unsecured general non-priority creditors during the life of the Chapter 13 Plan.

(D). Additional Provisions:
A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with  4 % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non- administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors. **James E. Dunn: Claim subject to lien avoidance**

Any fees, expense and charges asserted under Fed. R. Bankr. P 3002.1(C) are not to be funded through the Chapter 13 Plan and the Debtor will pay these post-petition expenses directly to the mortgage holder/servicer unless they are disallowed by the Order of the Court.

Any federal tax refund that is issued to the Debtors for a tax year ending within the applicable commitment period shall be paid into the Debtors' Chapter 13 case. Further, the Debtor(s) authorize(s) and instruct(s) the Internal Revenue Service to send any refund for said years directly to the Debtor(s) Chapter 13 Trustee. Any refund that is less than $1,500.00 may be retained by the debtors upon written request by Debtors to the trustee along with any substantiating documents without further notice or hearing from this court.

Date:  May 3, 2018.                              /s/ Charles Edwards Burks, Jr.
                                                 Charles Edwards Burks, Jr.
                                                 Debtor

 /s/ Chalcia L. Rainford
Chalcia L. Rainford
Debtor's Attorney

## CERTIFICATE OF SERVICE

      The undersigned, Chalcia L. Rainford hereby certifies that I am and at all times hereafter mentioned was more than 18 years of age and I served copies of the foregoing **AMENDED CHAPTER 13 PLAN** on the Debtor, the parties below and the Chapter 13 trustee by depositing same in the United States Mail in a properly addressed envelope with adequate postage at:

See attached Mailing Matrix and notice


**THIS 3RD of mAY, 2018.**

Respectfully Submitted,
\_\_\_\_/s/_____
/s/ Chalcia L. Rainford
Chalcia L. Rainford, Esq.
Ga Bar 592605

The Rainford Law Firm
4920 N. Henry Blvd
Stockbridge, GA 30281
Tel. (678) 583-1679

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 17-67627-jrs<br>Northern District of Georgia<br>Atlanta<br>Thu Feb  1 15:33:32 EST 2018 | Big Picture Loans<br>E23970 Pow Wow Trail<br>Watersmeet, MI 49969 | Charles Edward Burks Jr.<br>5982 Foxcroft Court<br>Morrow, GA 30260-1057 |
| CONSUMER PORTFOLIO SERVICES<br>PO Box 57071<br>Irvine, CA 92619-7071 | Coast to Coast Credit<br>8916 Sabel Industrial Blvd<br>Tampa, FL 33619-1326 | Comcast<br>c/o Convergent<br>800 SW 39th St./P.O. Box 9004<br>Renton, WA 98057-9004 |
| Consumer Portfolio Services<br>P.O. Box 6172<br>Rapid City, SD 57709-6172 | Covington Credit<br>3859<br>Hwy 138  SE<br>Stockbridge, GA 30281-4143 | Denistry For Children Inc.<br>c/o PDQ Services Inc<br>700 Churchhill Court<br>Woodstock, GA 30188-6846 |
| Department of Educaiton<br>P.O. Box<br>Greenville, TX 75403 | Cristina Danielle DiGiannantonio<br>RAS Crane LLC<br>10700 Abbott's Bridge Rd, Suite 170<br>Duluth, GA 30097-8461 | Ditech<br>P.O. Box 6172<br>Rapid City, SD 57709-6172 |
| Ditech Financial LLC fka Green Tree Servicin<br>P.O. Box 6154<br>Rapid City, South Dakota 57709-6154 | Emerginet Henry LLC Er Phy<br>c/o North American Credit Serv<br>2810 Walker Road<br>Chattanooga, TN 37421-1082 | Fast Loans<br>4800 Liberty Ave<br>Pittsburgh, PA 15224-2139 |
| Federal National Mortgage Association<br>Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | Foxcroft HOA<br>1160 North Meadow Pkwy<br>Suite 114<br>Roswell, GA 30076 | GC Servicing<br>6330 Gulfton<br>Houston, TX 77081-1108 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Green Trust Cash, LLC<br>P.O. Box 340<br>Hays, MT 59527-0340 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| James E Dunn<br>3005 Milton Court, SE<br>Conyers, GA 30013-6423 | Kenny & Medina, P.C.<br>3302 McGinnis Ferry Rd<br>Suite 100<br>Suwanee, GA 30024-7133 | Manuel Rodriquez<br>1201 Baldwin Rowe Circle<br>Panama City, FL 32405-5795 |
| MoneyLion, Inc.<br>P.O. Box 1547<br>Sandy, UT 84091-1547 | NPRTO Georgia, LLC<br>256 West Data Drive<br>Draper, UT 84020-2315 | Chalcia L. Rainford<br>The Rainford Law Firm<br>4920 N. Henry Blvd.<br>Stockbridge, GA 30281-3520 |
| Rome & Associates, P.C.<br>707 Whitlock Ave.<br>Suite E-15<br>Marietta, GA 30064-3098 | Service 1st Credit Union<br>8916 Sabal Industrial Blvd<br>Tampa, FL 33619-1326 | Southern Crescent Ent<br>c/o Carter-Young, Inc<br>882 N, Main Street, Ste 120<br>Conyers, GA 30012-4442 |

```
Spectrum Laboratory Network         U. S. Attorney                        Nancy J. Whaley
c/o Stern Recovery Services, I      600 Richard B. Russell Bldg.          Nancy J. Whaley, Standing Ch. 13 Trustee
415 N Edgeworth Street              75 Ted Turner Drive, SW               303 Peachtree Center Avenue
Greensboro, NC 27401-2182           Atlanta GA 30303-3315                 Suite 120, Suntrust Garden Plaza
                                                                          Atlanta, GA 30303-1216


Madison Wilson
Robertson, Anschutz & Schneid, PL
6409 Congress Avenue, #100
Boca Raton, FL 33487-2853
```

                  The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                  by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Georgia Dept of Revenue
Suite 9100
1800 Century Blvd, NE
Atlanta, GA 30345
```

                  The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ditech Financial LLC             End of Label Matrix
                                    Mailable recipients    33
                                    Bypassed recipients     1
                                    Total                  34
```